IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY QUENTIN KELLY, #352736 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. RDB-15-3795 |
| | | |
| FRANK B. BISHOP | * | |
| DEPARTMENT OF PUBLIC SAFETY | | |
| AND CORRECTIONAL SERVICES | * | |
| Defendants. | | |
| | ***** | |

**MEMORANDUM OPINION**

On December 10, 2015, the Court received inmate Anthony Kelly's ("Kelly") 42 U.S.C. § 1983 complaint for $2,200,000.00 in damages dated December 3, 2015. Kelly alleges that on October 27, 2015, he was in the small courtyard at the North Branch Correctional Institution ("NBCI") for a one-hour "courtyard" or "gym" period. He claims that he needed to use the bathroom "badly," but was told that he needed to remain in the courtyard until the conclusion of the one-hour period pursuant to "inmate handbook rules." Kelly maintains that there is no outdoor bathroom and he was forced to urinate and defecate on himself. ECF No. 1. For reasons to follow, the Complaint shall be summarily dismissed.[1]

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556

---

[1] Kelly filed neither the $400.00 civil filing fee nor an in forma pauperis motion. He shall

U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id*. at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To establish a claim for cruel and unusual punishment due to conditions of confinement, a plaintiff must allege facts sufficient to show (1) an objectively serious deprivation of a basic human need causing serious physical or emotional injury, and (2) that prison officials were deliberately indifferent to that need. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson v. Seiter,* 501 U.S. 294, 198 (1991). To meet the first prong, a plaintiff must allege facts sufficient to show that the condition complained of caused a "sufficiently serious" deprivation of a basic human need. *Farmer,* 511 U.S. at 834. Only extreme deprivations will make out an Eighth Amendment claim, and plaintiff has the burden of alleging facts sufficient to show that the risk from the conditions of his confinement was so grave that it violated contemporary notions of decency and resulted in significant physical or emotional injury. *See Hudson v. McMillian,* 503 U.S. 1, 8 (1992); *Strickler v. Waters,* 989 F.2d 1375, 1379–81 (4th Cir. 1993). A plaintiff cannot have been subject to unconstitutional confinement conditions unless he can show a serious or significant physical or mental injury as a result of those conditions. *Strickler,* 989 F.2d at 1380–81 (finding that the inmate's legal complaint about overcrowding and poor ventilation did not constitute a constitutional

---

not be required to cure this omission in light of the dismissal of his case.

violation because inmate did not allege that he suffered from any specific injury as a result of those purported conditions).

To meet the second prong, a plaintiff must allege facts sufficient to show that the defendant knew of circumstances from which an inference could be drawn that a "substantial risk of serious harm" was posed to plaintiff's health and safety, that he drew that inference, and disregarded the risk posed. *Farmer,* 511 U.S. at 837. Such deprivations may be demonstrated by producing evidence of a serious or significant physical injury resulting from the challenged conditions, *Strickler*, 989 F. 2d at 1380-81; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997), or by demonstrating a substantial risk of serious harm resulting from the unwilling exposure to the challenged conditions. *See Helling v. McKinney*, 509 U.S. 25, 33-35 (1993) (exposure to environmental tobacco smoke). The key in determining whether prison conditions become cruel and unusual requires examination of the effect on the inmate. *See Rhodes v. Chapman*, 452 U.S. 337, 364 (1981). It is of note that the aforementioned burdens of proof remain the standard of review in the Supreme Court and this circuit.

The "minimal civilized measure of life's necessities" includes adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). The time period during which an inmate is deprived of a basic necessity is important in determining whether the deprivation was unconstitutional. *See Chappell v. Mandeville,* 706 F.3d 1052, 1060 (9th Cir. 2013) (citing *Hutto v. Finney,* 437 U.S. 678, 686–687 (1978) for the proposition that "a condition of confinement which does not violate the Eighth Amendment when it exists for just a few days may constitute a violation when it exists for 'weeks or months'"); *Hearns v. Terhune,* 413 F.3d 1036, 1043 (9th Cir. 2005); *see*

*also Hope v. Pelzer,* 536 U.S. 730 (2002) (Eighth and Fourteenth Amendment violations when inmate was handcuffed to a hitching post for several hours without bathroom breaks); *Fountain v. Talley*, 104 F. Supp.2d 1345 (M.D. Ala. 2000) (Eighth Amendment claim stated as to inmate chained to hitching post for significant time after use of laxative without access to bathroom facilities). However, "the more basic the need, the shorter the time it can be withheld." *Johnson,* 217 F.3d at 731(citations omitted); "Minor deprivations suffered for short periods of time will not rise to the level of an Eighth Amendment violation, but 'substantial deprivations of shelter, food, drinking water, and sanitation may meet the standard despite their even shorter duration.' " *Jacobs v. Quinones,* No. 1:10–cv–02349 WL 144234, at *7 (E.D. Cal. Jan. 11, 2013) (citing *Johnson,* 217 F.3d at 729–730).

Kelly's claim, as stated, fails to set out an Eighth Amendment violation. The Court cannot state that the alleged deprivation of bathroom facilities on one day for a short, one-hour period constitutes "cruel and unusual punishment." Kelly, who may have been aware of the absence of a bathroom in the small courtyard area in advance of his outdoor recreation period, does not claim that he has a medically acknowledged physiological problem with incontinence or bladder-control issue such that would place prison officials on notice of his need for immediate use of bathroom facilities.

For the foregoing reasons the Complaint shall be dismissed without prejudice for the failure to state a claim. A separate Order follows.

Date: December 15, 2015         /s/
                                RICHARD D. BENNETT
                                UNITED STATES DISTRICT JUDGE